UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHERYL WADE BREWER, | ) | NO. ED CV 12-621-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on May 2, 2012, seeking review of the Commissioner's denial of disability benefits. The parties filed a consent to proceed before a United States Magistrate Judge on

November 5, 2012. Plaintiff filed a motion for summary judgment on December 5, 2012. Defendant filed a cross-motion for summary judgment on January 4, 2013. The Court has taken the motions under submission without oral argument. See L.R. 7-15; "Order," filed May 7, 2012.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former legal assistant and legal secretary, asserts disability since at least August 27, 2008,[1] based on, inter alia, alleged psychiatric problems (Administrative record ("A.R.") 49-50, 56, 64, 181-84, 199-202, 204-05, 214-19, 238, 248). In the administrative proceeding, Plaintiff presented opinion evidence from Dr. Gurmeet Multani, Plaintiff's treating psychiatrist, and Dr. Pamela J. Henderson, Plaintiff's treating psychologist (A.R. 181-84, 199-202, 204-05).

In an April 22, 2010 evaluation, Dr. Multani diagnosed a "Major Depression Episode" (A.R. 183). According to Dr. Multani, Plaintiff suffers from anxiety, depression, "decreased energy," and "poor" concentration (A.R. 181-82). Dr. Multani gave Plaintiff a "guarded" prognosis and opined that Plaintiff is disabled from all employment (A.R. 183-84 ("Patient is unable to carry out tasks and work on goals and issues. Patient should not be able to go for training for work or apprenticeship for eight hours a day")).

///

---

[1] Compare A.R. 49, 214 (alleging disability onset of June 19, 2008) with A.R. 56 (alleging disability onset of August 27, 2008).

1    In an August 29, 2011 "Medical Opinion," Dr. Henderson stated
2 that "cognitive limitations due to poor concentration preclude
3 effective problem solving, ability to manage detail/complex
4 information, and ability to cope with work stress" (A.R. 205).  Dr.
5 Henderson opined that Plaintiff has "no useful ability to function" in
6 most work-related areas (A.R. 204-05).  Dr. Henderson believed that
7 Plaintiff's mental impairments would cause her to be absent from work
8 more than four days each month (A.R. 205).

10   An Administrative Law Judge ("ALJ") found that Plaintiff suffers
11 from a severe "mood disorder," but retains the mental capacity to
12 perform work requiring only "simple, repetitive tasks" (A.R. 14-15).
13 The ALJ relied upon the opinion of consultative examining psychiatrist
14 Dr. Linda M. Smith, who believed Plaintiff has no psychiatric
15 impairment whatsoever (A.R. 17, 144-52).  With regard to the contrary
16 opinions of treating physicians Multani and Henderson, the ALJ stated
17 only the following:

19     Other treating physician reports suggest the claimant is
20     disabled, but there is no objective evidence of assessments
21     and that of Dr. Multani is mostly anecdotal.  On August 29,
22     2011, Pamela Henderson, Ph.D., completed a medical opinion
23     form at the request of the claimant's representative and the
24     majority of her responses indicated that the claimant has
25     "no useful ability to function."  "Her cognitive limitations
26     due to poor concentration preclude effective problem
27     solving, ability to manage detailed/complex information, and
28     ability to cope with work stress."  In treating notes from

3

December 2010, Dr. Henderson noted the claimant's mental status evaluation was within normal limits with "memory impairment and suicidal ideation."

(A.R. 17).

The ALJ concluded that, although Plaintiff no longer can perform her past relevant work, there exist other, simpler jobs Plaintiff can perform (A.R. 17-19).  The Appeals Council denied review (A.R. 5-7).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

The ALJ rejected the opinions of Plaintiff's treating physicians without stating legally sufficient reasons for doing so.  Remand is appropriate.

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions). Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

Liberally construed, the ALJ's decision in the present case sets forth only four reasons for rejecting the treating physicians' opinions: (1) other physicians' opinions contradicted the opinions of the treating physicians; (2) "There is no objective evidence of assessments"; (3) (as to Dr. Multani only) the assessment of Dr. Multani "is mostly anecdotal"; and (4) (as to Dr. Henderson only) Dr.

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

5

Henderson's August 2011 medical opinion mentioned limitations beyond the limitations noted in Dr. Henderson's December 2010 treating notes (which had noted only "memory impairment and suicidal ideation") (A.R. 17). Under applicable law, these reasons are legally insufficient.

The first reason is legally insufficient because the contradiction of a treating physician's opinion by another physician's opinion triggers rather than satisfies the requirement of stating "specific, legitimate reasons." See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2009); Orn v. Astrue, 495 F.3d at 631-33; Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

The second and third reasons are impermissibly vague and unspecific. See, e.g., McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required . . . .").

The fourth reason, (which the Court has inferred from the mere proximity of two sentences in the ALJ's decision), does not account for the rejection of all of Dr. Henderson's opinions (e.g. those opinions based on alleged memory impairment). Moreover, the fourth reason does not provide any basis for rejecting Dr. Multani's opinions.

///

Defendant's Motion appears to argue other, more specific, potential reasons (unstated in the ALJ's decision) for rejecting the treating physicians' opinions (Defendant's Motion for Summary Judgment at 8). Reasons unspecified in the ALJ's decision cannot alter the result herein. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (the court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

Because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).[3]

///
///

---

[3] The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a different result herein. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. at 16, the Harman holding does not direct a benefits award in the present case. It is not clear that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability if the treating physicians' opinions were fully credited.

7

**CONCLUSION**

For all of the foregoing reasons,[4] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 9, 2013.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.

8